**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-4814

CORNELL WADE,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-97-7-S)

Submitted: June 30, 1998

Decided: August 3, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan G. McGonigal, BAILEY, RILEY, BUCH & HARMAN, L.C.,
Wheeling, West Virginia, for Appellant. William D. Wilmoth, United
States Attorney, Thomas O. Mucklow, Assistant United States Attor-
ney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cornell Wade was convicted by a jury of possession with intent to distribute crack cocaine and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (1994) and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C.§ 841(a)(1) (1994). Wade appeals only his conviction of possession with intent to distribute crack cocaine and cocaine hydrochloride. Wade alleges that the district court abused its discretion in denying his motion for acquittal, or in the alternative, his motion for new trial, and also contends that the district court erred in sentencing him. Finding no error, we affirm.

First, Wade avers that the district court abused its discretion in denying his motion for judgment of acquittal, or alternatively, his motion for new trial because there was not sufficient evidence to establish that he constructively possessed the cocaine or cocaine hydrochloride. Wade contends that Melinda Bunch, the woman whom he was with on the night of his arrest, rented and possessed the automobile and its trunk containing the cocaine. Contrary to Wade's assertions, we find that the evidence, viewed in the light most favorable to the United States, establishes that any rational jury could have found beyond a reasonable doubt that Wade constructively possessed the cocaine and cocaine hydrochloride. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Alternatively, we find that the weight of the evidence supports the jury's verdict. See United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997). The record indicates that Wade constructively possessed the substances because he had dominion and control over the automobile and its trunk where the cocaine was located. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). On the night of Wade's arrest, a security guard observed Wade driving the vehicle, Wade sitting in the driver's seat arguing with Bunch, Wade opening the trunk and removing an object from the trunk, and later Wade returning the object to the trunk. Thomas Gray,

2

a bystander who attempted to intervene in the altercation between Wade and Bunch, observed Wade removing something from the trunk of the vehicle. Further, a policeman had, on prior occasions, observed Wade driving the vehicle.

Next, Wade claims that the district court erred by enhancing his sentence because, he claims, the Government did not establish that the object which he possessed was a firearm. We find, however, that the district court did not clearly err in enhancing Wade's sentence under United States Sentencing Guidelines Manual§ 2D1.1(b)(1) (1997) for possession of a weapon during a commission of an offense. See United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992). Contrary to Wade's allegations, the Government established by a preponderance of the evidence that Wade possessed a firearm and that is was not clearly improbable that the weapon was connected with the offense. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). The record indicates that the firearm was located along with the cocaine and cocaine hydrochloride in the trunk of the vehicle over which Wade had dominion and control. The record reveals that evidence was presented to the jury that Wade removed an object from the automobile's trunk, carried the object down the street chasing Gray, and returned the object.* Further, the record establishes that the court had before it reliable evidence of Wade's possession of the firearm: an affidavit had been presented to the court prior to trial in which a police officer stated that he found a firearm in the trunk of the vehicle; and the probation officer's report identified the object as a firearm and the probation officer testified at sentencing that the firearm had been found in the trunk with the drugs. See U.S.S.G., § 6A1.3(a) (1997); United States v. Roberts, 881 F.2d 95, 106 (4th Cir. 1989).

We therefore affirm Wade's conviction and sentence for possession with intent to distribute crack cocaine and cocaine hydrochloride. We

---

*Prior to trial, Wade contended that the introduction of the evidence of a firearm was not relevant to his drug possession charge and the district court granted his motion in limine and mandated that the item was not to be referred to as a firearm at trial. In reviewing Wade's objection to the enhancement, the court commented that it was the court's understanding that the object referred to at trial was the firearm.

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4